USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11-6-20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

- against -

LAQUAN WILLIAMS,

          Movant.

---

17-cr-402 (JGK)

MEMORANDUM OPINION
AND ORDER

**JOHN G. KOELTL, District Judge:**

The movant, Laquan Williams, has moved for compassionate release, pursuant to 18 U.S.C. § 3582(c)(1)(A). The Court has previously denied the movant's application for the appointment of counsel in connection with the application for compassionate release without prejudice to renewal.

Upon review of the papers, it is apparent now that counsel would be of assistance in this case. The Government alleges that the movant has failed to exhaust his administrative remedies by at least making a request to the Bureau of Prisons and waiting for 30 days after the application, as required by 18 U.S.C. § 3582(c)(1)(A). ECF No. 163. The failure to exhaust his remedies would be fatal to the application. See, e.g., United States v. Ogarro, No. 18-CR-373, 2020 WL 1876300, at *3 (S.D.N.Y. Apr. 14, 2020); United States v. Roberts, No. 18-CR-528, 2020 WL 1700032, at *2 (S.D.N.Y. Apr. 8, 2020); United States v. Monzon, No. 99-CR-157, 2020 WL 550220, at *1 (S.D.N.Y. Feb. 4, 2020). But the exhaustion requirement can be satisfied by making an appropriate

application and waiting 30 days for a response. Moreover, the movant has asserted in his papers that he did make such a request to the Warden of FCI Allenwood Medium, but has not filed proof to support this assertion. ECF No. 157. Further, the movant does not support the application with any detailed explanations of his medical conditions that would make his continued incarceration particularly difficult, and he does not discuss why application of the factors under section 3553(a) would support the application. See 18 U.S.C. § 3582(c)(1)(A) (requiring courts to "consider the factors set forth in" 18 U.S.C. § 3553(a)). However, the movant does point to an outbreak of COVID-19 at the prison where he is located.

Therefore, the Court will appoint counsel for Williams to assist with his compassionate release motion, as a continuation of counsel's representation pursuant to 18 U.S.C. § 3006A. See United States v. Rice, No. 83-CR-150-3, 2020 WL 4505813, at *2 (S.D.N.Y. Aug. 5, 2020). In deciding whether to exercise the discretion to appoint counsel, including for post-conviction motions, courts in the Second Circuit "consider the same factors as those applicable to requests for pro bono counsel made by civil litigants," including "the likelihood of success on the merits, the complexity of the legal issues and the movant's ability to investigate and present the case." Jerez v. Bell, 2019 WL 1466899, at *4 (citing Cooper v. A. Sargenti Co., 877 F.2d

170, 171-72 (2d Cir. 1989)). The Court has considered the factors and is concerned over the conflicting representations in the papers and the apparent inability of the movant to present the details of his conditions warranting relief. The Court will therefore appoint the former counsel for Williams to represent him in connection with this application. Any supporting papers should be submitted by December 11, 2020. The Government may submit any additional responsive papers by December 21, 2020.

**SO ORDERED.**

**Dated:**  **New York, New York**
      **November 6, 2020**

_____
John G. Koeltl
**United States District Judge**