UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

- against -

LAQUAN WILLIAMS,

Movant.

17-cr-402 (JGK)

MEMORANDUM OPINION
AND ORDER

---

**JOHN G. KOELTL, District Judge:**

The defendant has moved for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). The defendant pleaded guilty in accordance with a plea agreement to one count of conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349, and one count of aggravated identity theft in violation of 18 U.S.C. §§ 1028A(a)(1), (b)(2), and 2. The Guideline Sentencing Range for these offenses was 81 to 95 months, but the Court downwardly varied to a sentence of principally 64 months imprisonment. The defendant is currently scheduled to be released to a half-way house on August 24, 2021, after having served approximately 48 months imprisonment. The Court appointed counsel to assist the defendant in pursuing his application for compassionate release.

Section 3582(c)(1)(A) authorizes a court to reduce a term of imprisonment, after considering the factors set forth in section 3553(a), to the extent that they are applicable, if the court finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). The statute also

requires that the defendant exhaust his administrative remedies by at least making a request to the Bureau of Prisons for compassionate release and allowing for the lapse of 30 days following the request. While the statute had also required that the reduction was to be "consistent with applicable policy statements issued by the Sentencing Commission," the Sentencing Commission failed to adopt such statements and the Court of Appeals for Second Circuit has held that the previous policy statements applied to requests by the Bureau of Prisons, but not to requests by defendants made directly to the court. See United States v. Brooker, 976 F.3d 228, 237 (2d Cir. 2020) ("[T]he First Step Act freed district courts to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release.").

It is not clear that the defendant has exhausted his administrative remedies. While the defendant asserts that he made a request for compassionate release to the Warden of FCI Allenwood, according to the Government, there is no record of such a request, see ECF No. 163-1, nor is there a record of a request to the Warden of FCI Butner where the defendant is currently incarcerated. See ECF No. 197-1. The failure to exhaust his administrative remedies would be fatal to the defendant's request, and apart from the defendant's assertion,

2

there is no evidence in the record that the Bureau of Prisons had the opportunity to evaluate the defendant's request before he filed his request with this Court. In any event, the defendant has failed to show that he is entitled to compassionate release on the merits.

The defendant has failed to submit any extraordinary or compelling reason to justify compassionate release. While the defendant relies on his fear of contracting COVID-19 in prison, at other points in his papers he asserts that he has already survived an incident of COVID-19, and he has refused to be vaccinated to prevent any further infection. See ECF Nos. 158, 163, 176-3, 179-2. The defendant has failed to show that his concerns about contracting COVID-19 at FCI Butner warrant compassionate release. See United States v. Robinson, 2021 WL 1565663, at *3 (S.D.N.Y. Apr. 21, 2021) (collecting cases and noting that compassionate release motions based on COVID-19-related considerations, filed by inmates who have refused to be vaccinated, are "nearly uniformly denied"). The Bureau of Prisons continues to have an obligation to assure that the defendant, like all other inmates within their jurisdiction, is protected against the risk of contracting COVID-19 whatever his personal decision is with respect to vaccination.

In any event, the section 3553(a) factors weigh strongly against the defendant's release at this time. The defendant was responsible for a substantial bank fraud conspiracy which involved significant identity thefts. This Court downwardly varied by seventeen months from the low end of the Guideline Sentencing Range to a sentence that was sufficient but no greater than necessary to achieve the goals of sentencing as required by 18 U.S.C. § 3553(a)(2). The defendant is scheduled to be released to a half-way house in about three months. See ECF No. 176, at 3. That release will itself amount to a significant reduction in the sentence of imprisonment that the Court imposed, and the defendant would have obtained an even greater reduction in his sentence were it not for a disciplinary penalty imposed on him while he was in prison. No further reduction in the defendant's sentence is warranted to achieve the relevant goals of sentencing.

## CONCLUSION

The Court has considered all of the arguments raised. To the extent not specifically addressed above, the arguments are either moot or without merit. The defendant's application for a reduction in his sentence of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A) is denied, without prejudice to renewal should there be any changed circumstances warranting such relief.

Moreover, this Court would give prompt consideration to any applications relating to the defendant's medical treatment at Butner.

**SO ORDERED.**

Dated:    **New York, New York**
              **May 18, 2020**

                                            _____
                                                  John G. Koeltl
                                        **United States District Judge**